THOMAS L. GASKILL, RECEIVER, v. WILLIAM C. MILLER.

Argued February 16, 1904—Decided June 13, 1904.

On an appeal to the Court of Common Pleas from a judgment of the Small Cause Court, if the appellant fail to notice the appeal at the next term of the Common Pleas after such appeal shall be taken, if sufficient time to notice the same for ten days remains between the perfecting of the appeal and the first day of such next term, the court must dismiss the appeal unless good cause be shown.

On application for writ of *certiorari* to review action of the Ocean Common Pleas in dismissing an appeal from a judgment of the Small Cause Court.

Before Justices VAN SYCKEL and FORT.

For the application, *Aaron E. Johnston.*

*Contra, Thomas L. Gaskill.*

The opinion of the court was delivered by

FORT, J. The writ in this case must be refused.

The plaintiff recovered a judgment in the Small Cause Court, from which an appeal was regularly taken by the defendant to the Court of Common Pleas of Ocean county. The appeal was taken and the justice's transcript filed with the clerk of that court more than ten days before the first day of the September Term, 1903. The appellant failed to notice the appeal for the first day of that term, as required by section 90 of the Small Cause Court act. *Pamph. L.* 1903, *p.* 278. This act expressly provides, in such case, that "in

default of such notice the court, unless good cause shall be shown, shall dismiss the appeal." No good cause was shown, and the appeal was dismissed.

Afterwards the court gave the appellant a rule to show cause why the appeal should not be reinstated. On the rule no merits were shown and this rule was discharged. Application is now made for a *certiorari* to review this action of the Common Pleas.

Affidavits have been presented here, by consent of the parties, and used on this motion, and upon the application the whole question has been discussed.

No reason for a failure to give the notice within the time provided by statute is given, except the neglect of the attorney of the appellant to so do. Under the circumstances of the case, this is clearly not sufficient.

An examination of the affidavits upon the question of merits shows the case to be clearly within the decision of the Court of Errors and Appeals, at the present term of that court, in Gaskill, Receiver, *v.* Polhemus. Under that decision the judgment below was right, and the case would have to be affirmed if heard on its merits.

The rule is refused.